### BURTON *vs.* MALTBY.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The balance to the credit of a partner on his individual account, over and above the debit, should belong to him exclusively, and not one half of it go to the other partner.

Where a witness swears that what is written in a certain document is correct, it does not imply that *it contains a full statement* of all the affairs of the partnership; as he does not swear that it contains every thing relating to the partnership affairs.

An affidavit, by counsel, stating that the defendant (who is absent) expects to prove certain facts by a witness, and has used all due diligence to obtain him, is insufficient to grant a continuance.

Motions and affidavits for new trials, on the ground of newly discovered evidence, should be received with great restriction and much caution.

This is an action for the settlement of a particular partnership, and the recovery of a balance of $454, which the plaintiff alleges is due to him on a final liquidation and close of their affairs, by the defendant. He filed an account showing this balance and which is annexed to the petition.

The answer negatives all the allegations in the petition and

EASTERN DIS. pleads the want of amicable demand.  The  defendant  after-
*May,* 1841. wards filed a peremptory exception, that the suit could not be
BURTON maintained, because the plaintiff claimed a certain sum and
*vs.* not a liquidation of the partnership.
MALTBY.

Upon these pleadings and issues the parties went to trial.

The facts of the case, as exhibited on the trial, are fully
stated in the opinion of this court.

There was judgment for the balance claimed, and after an
unsuccessful effort to obtain a new .trial, the defendant ' ap-
pealed.

*M⁴ Kinney,* for the plaintiff.

*Haynes,* for the defendant and appellant.

*Garland, J.* delivered the opinion of the court.

The plaintiff alleges he and defendant, in the month of Jan-
uary, 1837, entered into partnership for the purpose of *carry-
ing on the boat breaking and lumber business* in the cities of
New Orleans and Lafayette.   William Granger was for a few
months connected with them, but withdrew, and they carried
on the business until about the 15th of September, in the same
year, when they dissolved their connection.   This suit is to
recover a balance which the plaintiff says the defendant owes
him upon a full settlement of their accounts, also the sum of
$155, which he says is the half of a debt of $311 which the
firm owed a Mrs. Winters, whom the plaintiff afterwards mar-
ried, his own half being extinguished by the marriage and
confusion, or in some other mode not exactly shown to us.
The defendant gave a general denial to the whole demand ;
there was judgment against him for four hundred and fifty-four
dollars and sixty cents and he appealed.

It does not appear what capital either partner brought into
the concern, but probably none ; they had a clerk who kept a
book, which is produced, wherein there are but some memo-
randums and two accounts that are material in this controver-
sy, one in the name of the plaintiff and the other in that of

the defendant. Their business with most other persons appears to have been conducted on the cash system. On this book the plaintiff has credit for $2119 01, and is charged as debtor $1846 56, which leaves him a creditor of the firm $272 45. The defendant, on his account, is credited with the sum of $1314 43, and charged with $680 93, which leaves him a creditor of the firm $633 50. The plaintiff in his statement of the accounts sets forth all this matter, then deducts his balance of $272 45 from the defendant's balance of $633 50, which leaves a balance of $361 04 in favor of defendant; and this the plaintiff divides into halves, appropriating one to himself. This may accord with some process of arithmetic, but it is not according to the old rules by which we were taught. They induce us to believe that the plaintiff, instead of taking this $180 52 to himself, ought to allow it to the defendant.

The account then goes on to charge the defendant with $635 12½, the one half of a quantity of lumber he took after the dissolution of the partnership, from the triangular yard, which appears correct, as both Richardson and Ives swear he took it; but from this sum the plaintiff only deducts $180 52, when we think he ought to have deducted the sum of $361 04, which would leave a balance of $274 08 owing to the plaintiff, for which sum it appears to us he ought to have judgment.

We have carefully examined all the evidence in the case, which is very loose and confused, and we see nothing else to which the defendant is entitled. His counsel relies very much on the document F. 4, which he says contains a full statement of *all the affairs* of the concern, and urges us to believe that Richardson, the clerk, swears it does. We do not think his declarations go so far. He says what is written in it is correct, but does not swear it contains every thing relating to the affairs of the partnership, and an inspection of the account book shows it does not.

It is further urged that entries have been made in the book since the dissolution of the partnership. This is perhaps true, but the defendant ought not to complain of it as those entries

*Margin notes:*

EASTERN DIS.
*May,* 1841.

BURTON
*vs.*
MALTBY.

The balance to the credit of a partner on his individual account, over and above the debit, should belong to him exclusively, and not one half of it go to the other partner.

Where a witness swears that what is written in a certain document is correct, it does not imply that *it contains a full statement* of all the affairs of the partnership; as he does not swear that *it contains every thing relating to the partnership* affairs.

go to decrease the balance in favor of the plaintiff, at the time of the dissolution of the partnership, nearly $200, and he does not allege or show those entries to be erroneous.

Richardson, the clerk of the parties, says he made the settlement of all the accounts and valuation of the stock on hand, at the request of both parties, and we see no error in it other than that stated.

The defendant urges that much injustice was done him by a refusal to continue the cause, when called for trial, on the affidavit of his attorney. The strongest exposure we can make of the insufficiency of the affidavit offered is to quote it *verbatim et literatim.*

*An affidavit, by counsel, stating that the defendant (who is absent) expects to prove certain facts by a witness, and has used all due diligence to obtain him, is insufficient to grant a continuance.*

" Defendant expects to prove by Parker, a witness in his behalf, that plaintiff took possession and sold the property which is alleged to be on the triangle; that all due diligence has been used to obtain said witness. Defendant, Maltby, is now in Texas." (Signed) F. Haynes. This affidavit is wanting in various essential requisites, and the judge did not err in refusing a continuance on it.

We see nothing in the defendant's second bill of exception or his peremptory exception founded on law. The action, it appears to us, is precisely what he says it ought to be. The plaintiff sues for a balance which he says is due him on a settlement of the partnership accounts. We know of no law which forbids a party, when suing for a settlement of accounts, to claim a balance as due to him. It is to recover such supposed balances suits of this description are instituted.

The defendant alleges the inferior court did him great injustice in refusing him a new trial, and he earnestly urges us to grant him this privilege. His principal ground is evidence discovered since the trial. We have said on more than one occasion that motions of this kind are frequently made as the last desperate efforts of a party, and the affidavit should be received with great restrictions and much caution. This affidavit says, "this evidence was unknown before the trial and judgment rendered in this case, although defendant used every ef-

*Motions and affidavits for new trials on the ground of newly discovered evidence should be received with great restriction and much caution.*

fort and diligence to obtain the same." It does not appear EASTERN DIS.
*May,* 1841.

FREDWOST
& WIFE
*vs.*
DAILY ET AL. the defendant took out a subpœna for a single witness or asked for a commission to take testimony previous to the trial. Two of the witnesses it seems reside here, the residence of the other two are said to be unknown; it would have been better if the defendant had stated some facts from which we could judge of the diligence he used to procure his evidence, as it appears very strange that such a host of witnesses and documents could be found within three days after the judgment, when not one could be found before, although the suit had been pending more than a year. We think the judge did not err in refusing a new trial.

The judgment of the District Court is therefore annulled, avoided and reversed; and this court proceeding to give such judgment as, in their opinion, ought to have been rendered in the court below, do further adjudge and decree that the heirs and legal representatives of William Burton, deceased, do recover of and have judgment against the defendant, William Maltby, for the sum of two hundred and seventy-four dollars and eight cents, without prejudice to the claim of Mrs. Burton, late Mrs. Winters. The defendant to pay the costs in the District Court, and the plaintiff those of this appeal.